UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Magistrate Docket No. |
| Plaintiff, | ) ) ) | **'08 MJ 1704** |
| v. | ) ) | COMPLAINT FOR VIOLATION OF: |
| **Everardo BARRIOS-Diaz,** | ) ) ) | Title 8, U.S.C., Section 1326 Deported Alien Found in the United States |
| Defendant | ) ) ) | |

The undersigned complainant, being duly sworn, states:

On or about **May 28, 2008** within the Southern District of California, defendant, **Everardo BARRIOS-Diaz,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **30th** DAY OF **MAY, 2008**

Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Everardo BARRIOS-Diaz

## PROBABLE CAUSE STATEMENT

On May 28, 2008, at approximately 9:00 p.m., Border Patrol Agent D. Turner responded to a seismic intrusion device in the area known as "Smugglers." This area is approximately three miles west of the San Ysidro, California Port of Entry and approximately 100 yards north of the United States/Mexico International Boundary.

Agent Turner arrived in the area and was advised by an inside scope operator of the last known location of one of the individuals. After a brief search of the area, Agent Turner found an individual later identified as the defendant **Everardo BARRIOS-Diaz**, trying to hide in a ditch. Agent Turner identified himself as a Border Patrol Agent and conducted an immigration inspection. The defendant admitted to being a citizen and national of Mexico without any immigration documents that would allow him to be or remain in the United States legally. The defendant was placed under arrested and transported to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on or about **May 19, 2008**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights, which he stated he understood and was willing to answer without having an attorney present. The defendant admitted to being a citizen and national of Mexico and to being in the United States illegally without having any immigration documents allowing him to be or remain in the United States legally. The defendant said his intended destination was Chula Vista, California.